FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
PATRICK H. MORAN (270881)
moran@whafh.com
WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, California 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

JOSEPH J. SIPRUT (*Pro Hac Vice* Application Forthcoming)
jsiprut@siprut.com
SIPRUT PC
122 South Michigan Ave.
Suite 1850
Chicago, IL 60603
Telephone: 312/588-1440
Facsimile: 312/427-1850

Attorneys for Plaintiff Troy Yuncker and the Putative Class
in the *Yuncker* case, No. 11-CV-03113 DMR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BEVERLY LEVINE, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No. 3:11-CV-02157-JSW<br><br>**OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO RELATE CASES UNDER L.R. 3-12** |

On July 1, 2011, under Local Rule 3-12, Pandora Media, Inc. ("Pandora") filed an "Administrative Motion to Consider Whether To Relate Cases" pursuant to Civil Local Rule ("L.R.") 7-11 in this case. (N.D. Cal. L.R. 3-12(b)). After Pandora's administrative motion under L.R. 7-11 was electronically filed in this case on July 1, 2011, the motion was then **mailed** to plaintiff's counsel in *Yuncker v. Pandora Media, Inc.*, No. 11-CV-03113 DMR ("*Yuncker*"), on the eve of the long July 4th weekend. Pandora's administrative motion to relate cases fails to comply with L.R. 7-11 on several fronts and should be denied as procedurally improper. Moreover, in all events, the cases are not related within the meaning of L.R. 3-12.

First, Pandora's motion to relate "must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained." L.R. 7-11(a). No declaration was provided because counsel for Pandora never contacted plaintiffs' counsel in the *Yuncker* case to discuss whether the *Levine* and *Yuncker* cases should be related. Second, under L.R. 7-11(a), "[t]he moving party must deliver the motion and all attachments to all other parties **on the same day as the motion is filed**" (emphasis added). Again, Pandora's counsel mailed the papers to plaintiffs' counsel on the day before a long holiday weekend, knowing that the deadlines under L.R. 7-11 are very short. *See* L.R. 7-11(b) (limits the opposition to five pages and it must be filed NO LATER THAN FOUR DAYS after the motion is filed.) Counsel in the *Yuncker* case did not receive the motion until July 5, 2011, the day that the opposition was due under L.R. 7-11. Also, under L.R. 5-5(b), the manner of service for cases subject to electronic filing is that the papers "must be electronically served." Electronic service would have given notice on July 1, 2011.

Procedural deficiencies aside, none of the pending cases cited by Pandora (including the case before this Court, *Levine v. Google, Inc.*) are related to *Yuncker* within the meaning of L.R. 3-12. Pandora fails to mention that it is ***not even a party*** to any of the other four related cases. The plaintiffs in each of those cases sued Google (one of the four cases, *King v. Google, Inc.*, No. 3:11-cv-02167-JSW, also named two additional defendants) based on the allegation that the Android operating platform allows unauthorized access to the "unique device identifier" on class members'

OPP TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO RELATE CASES UNDER L.R. 3-12
- 1 -

mobile devices, which is then provided to application developers and used to build unauthorized user profiles.

The claims in *Yuncker* case are different. *Yuncker* does not challenge Google's practices or the ways in which the Android harvests user information; *Yuncker* takes those practices as a given. Instead, *Yuncker* challenges **Pandora's** practice of collecting the personal information of its users and then disseminating it to third-party advertising libraries, such as Google's AdMob.

While Pandora collects this information by way of some of the same mechanisms in the Android device highlighted in the *Levine* complaint, Pandora's culpability stems from its failure to explain to its customers how their information is truly used and collected. Pandora purports to obtain user consent for the collection of personal information, but that is a farce. Pandora does not explain – and consumers are unaware – that their personal information is used not for purposes of the Pandora application itself, *but rather for the transmission and commercialization of the information by way of third-party advertisers.*

Pandora does not make this clear in its Privacy Policy and Terms and Conditions – and indeed, goes out of its way to obfuscate these facts. Put simply, this a Pandora problem, and it is within Pandora's control to fix this problem.

Pandora undoubtedly wishes to relate the *Yuncker* case into the *Levine* case so that the claims against Pandora will be lost in the mix of a myriad of parties and unrelated claims and be substantially delayed by the process. If Pandora's true motives are simply to avoid duplication of effort, that can (and should) be accomplished without formally relating the cases for all purposes. For example, to the extent there is *any* overlap of issues among the cases, Mr. Yuncker and his undersigned counsel will stipulate to coordinate discovery by whatever formal or informal means are necessary to avoid the unnecessary duplication of effort spanning across these unrelated cases.

//

//

Beyond any such stipulations or agreements for purposes of coordinated discovery, however, formally relating the cases is neither necessary nor desirable under L.R. 3-12.

Dated: July 5, 2011

Respectfully submitted,

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT
PATRICK H. MORAN

*Betsy Manifold*
BETSY C. MANIFOLD

750 B Street, Suite 2770
San Diego, California  92101
Telephone:  619/239-4599
Facsimile:   619/234-4599
gregorek@whafh.com
manifold@whafh.com
rickert@whafh.com
moran@whafh.com

Liaison Counsel for Plaintiff and the Putative Class

SIPRUT PC
JOSEPH J. SIPRUT
122 South Michigan Ave.
Suite 1850
Chicago, IL 60603
Telephone:  312/588-1440
Facsimile:   312/427-1850
jsiprut@siprut.com

Attorneys for Plaintiff and the Putative Class

PANDORA:18228

OPP TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER TO RELATE CASES UNDER L.R. 3-12
- 3 -