DAVID H. KRAMER, State Bar No. 168452
MICHAEL H. RUBIN, State Bar No. 214636
BART E. VOLKMER, State Bar No. 223732
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
mrubin@wsgr.com

TONIA OUELLETTE KLAUSNER (Not Admitted)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

*Attorneys for Defendant Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEVERLY LEVINE, PHILLIP HALL, ERIN HILLMAN, THEODORE SPRADLEY; individuals, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE INC., a Delaware Corporation;<br><br>Defendant. | No. C 11-02157- JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT [*AMENDED*]**<br><br>No. C 11-02157- JSW |
| JULIANN KING, individually and on behalf of a class of similarly situated individuals,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendants. | No. 11-cv-02167-JSW |

JOINT CASE MANAGEMENT STATEMENT                    CASE NO. 11-CV-02157
                                                   CASE NO. 11-CV-02167
                                                   CASE NO. 11-CV-02230
                                                   CASE NO. 11-CV-02427

| | |
|---|---|
| MARITSA URIAS and STAN HINES, on behalf of themselves and all others similarly situated,<br><br>v.<br><br>GOOGLE INC.,<br>            Defendant. | No. 11-cv-02230-JSW |
| TRACEY LIPTON, individually and on behalf of all others similarly situated,<br><br>v.<br><br>GOOGLE INC.,<br><br>            Defendant. | Case No. 11-cv-02427-JSW |

Pursuant to this Court's Order Setting Case Management Conference & Requiring Joint Case Management Conference Statement (Dkt. Nos. 8,), L.R. 16-9, and the Standing Order for All Judges of the Northern District of California, *Contents of Joint Case Management Statement,* Plaintiffs Beverly Levine, Phillip Hall, Erin Hillman, Theodore Spradley, Juliann King, Maritsa Urias, Stan Hines, and Tracey Lipton, and Defendant Google Inc. jointly submit the following Joint Case Management Statement.

1. **<u>Jurisdiction and Service:</u>**  The complaints in *Levine, et al., v. Google Inc.,* Case No. 11-cv-02157 ("Levine"), *King v. Google Inc., et al.,* Case No. 11-cv-02167 ("*King*"), *Urias, et al. v. Google Inc.*, Case No. 11-cv-02230 ("*Urias*"), and *Lipton v. Google Inc.*, Case No. 11-cv-02157 ("*Lipton*") (collectively the "Related Actions") assert federal question subject matter jurisdiction based upon alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), and in some instances the Electronic Communications Privacy Act, 18 U.S.C. § 2510 ("ECPA").  While Defendants dispute the application of the statutes invoked to the facts alleged, they do not contest subject matter jurisdiction exists due to the federal claims asserted. All Defendants have been served.

2. **Facts:** The Related Actions share common factual allegations. They all concern: (1) Google's Android mobile device operating system; (2) the information that devices running Android or that applications downloaded to those devices collect, store, or transfer; and (3) the propriety of Defendants' alleged handling of that information. Other factual issues will depend upon the allegations and claims asserted in a consolidated complaint.

3. **Legal Issues:** The legal issues involved in these cases will depend upon the claims included by plaintiffs in the anticipated consolidated complaint. The parties anticipate that the legal issues may include standing, applicability of the CFAA and the ECPA to the facts alleged, and whether plaintiffs have stated a claim for relief.

4. **Motions:** Currently pending before the Judicial Panel for Multi-District Litigation ("JPML"), MDL Docket No. 2264, is Google's Motion to Transfer Actions to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings, seeking to transfer to this Court all similar cases pending in other jurisdictions, as well as any tag-along actions, for consolidated pretrial proceedings together with the Related Actions ("Google's Motion to Transfer"). All parties to these related actions support Google's Motion to Transfer, which will be heard on July 28, 2011 before the JPML. The parties expect a decision to issue a few weeks thereafter.

In *Levine*, Google filed a motion to relate *Levine* with *King, Urias,* and *Lipton,* which motion was granted by this Court on June 14, 2011 (Dkt. 15). On July 1, 2011, non-party Pandora Media Inc. filed a motion to relate the Related Actions with an action pending against Pandora in the Oakland Division of the Northern District of California. (Dkt. 16). On July 5, 2011, the plaintiff in the Pandora action filed an opposition to Pandora's motion to relate. (Dkt. 17). There are no other motions pending in the Related Actions.

Pursuant to the pending Stipulation and Proposed Order filed by Google and Plaintiffs on June 8, 2011 (Dkt. 12), after the JPML issues its order, Plaintiffs intend to use their best efforts

to self-organize and recommend to the Court counsel to serve as Interim Class Counsel. Following the appointment of interim lead counsel, Plaintiffs will file a consolidated complaint. Depending upon the allegations and claims asserted, Defendants anticipate that they may file a motion to dismiss.

5. **Amendment of Pleadings:** The parties anticipate that Plaintiffs will file an amended pleading following the consolidation of the Related Cases, appointment of Interim Class Counsel, and propose that such amended complaint be filed within 30 days of the Court's Order appointing Interim Class Counsel.

6. **Evidence Preservation:** All parties have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in these Related Actions.

7. **Disclosures:** In light of the procedural posture of the Related Actions, including Google's pending Motion to Transfer, and the anticipation that the current complaints will be superseded by a consolidated complaint following consolidation of the actions and appointment of Interim Class Counsel, the parties have not yet exchanged Initial Disclosures. Further, the parties have proposed to the Court that their obligation to do so be suspended until after the JPML issues its order on Google's Motion to Transfer and the parties have agreed upon a joint case management order with proposed deadlines for compliance, which they submitted to the Court. *See* Dkt. 12.

8. **Discovery:** No discovery has been served to date, and the parties have agreed to suspend, and requested that the Court enter an order suspending all discovery until after the JPML issues its order on Google's Motion to Transfer and the parties have agreed upon a joint case management order with proposed deadlines for compliance, which they submitted to the Court. *See* Dkt. 12.

9. **Class Actions:** These cases are putative class actions. The parties agree that a schedule for addressing class certification briefing in the event the anticipated consolidated

complaint survives any motion to dismiss, should be part of a joint case management order submitted for approval following appointment of Interim Class Counsel and the filing of the anticipated consolidated complaint.

10. **Related Cases:** In addition to these four actions, which the Court has already found to be related, the parties believe that at least the following cases pending in other jurisdictions, and which are the subject of Google's Motion to Transfer before the JPML are related:

    a.    *Brown. v. Google Inc,* MIED-11-cv-11867

    b.    *Pessano v. Google Inc.*, FLMD-11-cv-01026

    c.    *Jefferys v. Google Inc.*, FLSD-11-cv-80676

11. **Relief:** Plaintiffs seek certification of a nationwide class of Android users; permanent injunction against continued release of unique user identifying information; compensatory damages sustained by Plaintiffs and members of the class; restitution and/or disgorgement of monies unjustly received as a result of unlawful conduct; statutory and punitive damages; pre- and post-judgment interest; attorneys' fees and expenses.

12. **Settlement and ADR:** No ADR efforts have occurred, and the parties believe that determining the best means and timing of such efforts is premature until at least after the appointment of Interim Class Counsel and the anticipated filing of a consolidated complaint.

13. **Consent to Magistrate Judge For All Purposes:** The parties do not consent to a magistrate judge for all purposes.

14. **Other References:** The parties do not believe the cases are suitable for binding arbitration, or that appointment of a special master would be appropriate at this time. As set forth above, these actions are among the cases that are the subject of Google's Motion to Transfer pending before the JPML.

15. **Narrowing of Issues:** Depending upon the allegations and claims ultimately asserted in the anticipated consolidated complaint, Defendants expect that the case may be narrowed through a motion to dismiss, or through the discovery and class certification schedules in the event the action proceeds past the pleading stage. The parties agree that determining the proper scope and timing of discovery should be postponed until at least after appointment of Interim Class Counsel and the filing of the anticipated consolidated complaint.

16. **Expedited Schedule:** This case is not of the type that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling:** The parties request that they be permitted to submit to the Court a proposed joint case management order with proposed deadlines for compliance within thirty days of any denial of Defendants' anticipated motion to dismiss following the filing of a consolidated complaint, or, if no such motion is filed, within 30 days of the due date for Defendants' answer to the consolidated complaint.

18. **Trial:** Plaintiffs have requested trial by jury as to at least some of their claims; it is not yet possible to estimate the length of the trial.

19. **Disclosure of Non-party Interested Entities and Persons:** To the extent they have not already filed a "Certification of Interested Entitles or Persons" as required by Civil Local Rule 3-16, the parties have done so concurrently with this statement. Other than putative class members and parties in the related cases, the parties are not aware of any other persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Pursuant to the above statement, the parties stipulate to and request that the Court enter a Case Management Order No. 1 providing:

1. After the JPML issues its order on Google's Motion to Transfer, Plaintiffs shall use their best efforts to self-organize and recommend to the Court counsel to serve as Interim Class Counsel under FRCP 23(g). The recommendation for lead counsel obtained by self-organizing shall be submitted to the Court within ten (10) days of the issuance by the JPML of its order on Google's Motion to Transfer. Any opposition to the recommendation shall be filed and served no later than fourteen (14) days after the filing of the recommendation with the Court and any reply shall be filed no later than 7 days after the opposition. In all respects, the filings shall comply with Local Rule 7.1, *et al.*

2. No defendant shall have an obligation to answer or otherwise respond to any complaint in any of the Related Actions until: (1) the JPML issues its order on Google's Motion to Transfer, (2) plaintiffs have prepared and submitted to the Court for filing a consolidated complaint, and (3) the parties have agreed upon and the Court has endorsed a schedule for Defendants' responses to the consolidated Complaint.

3. The parties' discovery and disclosure obligations under the Federal Rules of Civil Procedure shall be suspended until after the JPML issues its order on Google's Motion to Transfer and the parties have agreed upon and the Court has endorsed a joint case management order with proposed deadlines for compliance.

4. The parties shall submit to the Court a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f) and a joint case management order with proposed dates for discovery cutoff, experts, hearing of dispositive motions, pretrial conference and trial, within thirty days of any denial of Defendants' anticipated motion to dismiss following the filing of a consolidated complaint, or, if no such motion is filed, within 30 days of the due date for Defendants' answer to the consolidated complaint.

Respectfully submitted,

DATED:  July 28, 2011

DAVID H. KRAMER
MICHAEL H. RUBIN
BART E. VOLKMER
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

TONIA OUELLETTE KLAUSNER
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5899


By: /s/ *Michael H. Rubin*
         Michael H. Rubin

*Attorneys for Defendant Google Inc.*

DATED: July 28, 2011

/s/ *William M. Audet*
WILLIAM M. AUDET
JONAS P. MANN
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 568-2555

ROBERT SHELQUIST (Not Admitted)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

JOSEPH H. MALLEY (Not Admitted)
LAW OFFICES OF JOSEPH H. MALLEY
1045 North Zang Blvd.
Dallas, TX 75208
Telephone: (214) 943-6100

*Attorneys for Plaintiffs Beverly Levine, Phillip Hall, Erin Hillman and Theodore Spradley*

JOINT CASE MANAGEMENT STATEMENT    -8-    CASE NO. 11-CV-02157
                                          CASE NO. 11-CV-02167
                                          CASE NO. 11-CV-02230
                                          CASE NO. 11-CV-02427

| | |
|---|---|
| 1 | Deborah Kravitz |
| | 141 North Street |
| 2 | Healdsburg, CA  95448 |
| | Telephone:  707.820.4247 |
| 3 | |
| | Scott A. Kamber (not admitted) |
| 4 | KAMBERLAW, LLC |
| | 100 Wall Street, 23rd Floor |
| | New York, New York 10005 |
| 5 | Telephone:  212.920.3072 |
| | Facsimile:  212.202.6364 |
| 6 | skamber@kamberlaw.com |
| 7 | |
| | David C. Parisi |
| | PARISI & HAVENS LLP |
| 8 | 15233 Valleyheart Drive |
| | Sherman Oaks, California 91403 |
| 9 | Telephone:  818.990.1299 |
| | Facsimile:  818.501.7852 |
| 10 | dcparisi@parisihavens.com |
| 11 | *Attorneys for Plaintiff Juliann King* |
| 12 | |
| | Salim Khawaja, Esq. |
| 13 | LAW OFFICES OF SALIM KHAWAJA, APC |
| | 1010 Second Avenue, Suite 1750 |
| 14 | San Diego, CA 92101 |
| | Telephone:  619.685.5300 |
| 15 | Facsimile:  619.685.5344 |
| | salim@salimlaw.com |
| 16 | |
| | Jeremy R. Wilson |
| 17 | WILSON TROSCLAIR & LOVINS, P.L.L.C. |
| | 302 N. Market Street, Suite 510 |
| 18 | Dal1as, Texas 75202 |
| | Telephone:  214.484.1930 |
| 19 | Facsimile:  214.276.1475 |
| | jeremy@wltfirm.com |
| 20 | |
| | Majed Nachawati |
| 21 | FEARS NACHWATI LAW FIRM |
| | 4925 Greenville Avenue, Suite 715 |
| 22 | Dallas, Texas 75206 |
| | Telephone:  214.890.0711 |
| | Facsimile:  214.890.0712 |
| 23 | mn@fnlawfirm.com |
| 24 | *Attorneys for Plaintiffs Martisa Urias and Stan Hines* |

1 | Howard Rubinstein
2 | Richard A. Proaps
  | LAW OFFICES OF HOWARD W. RUBINSTEIN
3 | 8150 Greenback Lane, Bldg. 200
  | Fair Oaks, CA  95628
4 | Telephone:  916.722.1665
  | Facsimile:  916.722.4881
5 | rproaps@aol.com

6 | Joseph R. Whatley, Jr.
  | WHATLEY, DRAKE & KALLAS
7 | 1540 Broadway
  | 37th Floor
8 | New York, NY 10036
  | Telephone:  212.447.7070
9 | Facsimile:  212.447.7077
  | jwhatley@wdklaw.com

10

11 | Gilliam L. Wade
  | MILSTEIN ADELMAN, LLP
12 | 2800 Donald Douglas Loop North
  | Santa Monica, CA  90405
13 | Telephone: 310.396.9600
  | Facsimile:  310.396.9635

14 | *Attorneys for Plaintiff Tracey Lipton*

15

16

17

18

19

20

21

22

23

24

25

26

JOINT CASE MANAGEMENT STATEMENT        -10-        CASE NO. 11-CV-02157
27                                                 CASE NO. 11-CV-02167
                                                   CASE NO. 11-CV-02230
28                                                 CASE NO. 11-CV-02427

**ECF CERTIFICATION**

I, Michael H. Rubin, am the ECF User whose identification and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. I hereby attest that William Audet concurred in this filing.

Dated: July 28, 2011

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: /s/ *Michael H. Rubin*
　　　Michael H. Rubin