1  LAURENCE F. PULGRAM (CSB NO. 115163)
   lpulgram@fenwick.com
2  TYLER G. NEWBY (CSB No. 205790)
   tnewby@fenwick.com
3  SEBASTIAN KAPLAN (CSB No. 248206)
   skaplan@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, California 94104
   Telephone: (415) 875-2300
6  Facsimile: (415) 281-1350

7  Attorneys for Defendant
   PANDORA MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BEVERLY LEVINE, ET AL.,**<br><br>              **Plaintiff,**<br><br>         v.<br><br>**GOOGLE INC.,**<br><br>              **Defendant.** | Case No. 3:11-CV-2157-JSW<br><br>**PANDORA MEDIA, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S JULY 25, 2011 ORDER DECLINING TO RELATE AND REASSIGN *YUNCKER V. PANDORA MEDIA, INC.* AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| **IN RE: GOOGLE INC., ANDROID CONSUMER PRIVACY LITIGATION** | MDL No. 2264 |

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................2

I. INTRODUCTION ..................................................................................................................2

II. FACTUAL BACKGROUND .................................................................................................3

    A. *Yuncker v. Pandora* ..................................................................................................3

    B. The *In Re: Google Inc. Android Consumer Privacy Litigation* Cases ....................3

    C. Procedural History ...................................................................................................5

III. ARGUMENT .........................................................................................................................5

    A. Legal Standard for Transfer of Potential Tagalong Case ........................................5

    B. The *Yuncker* Case Is Related to the Android MDL Cases and Case Management Should Be Coordinated .................................................................................................6

        1. The *Yuncker* and Android MDL Cases Concern Substantially the Same Parties, Property, Transactions and Events. ..................................................6

        2. There is a Substantial Risk of Unduly Burdensome Duplication of Labor, Expense or Conflicting Results if the *Yuncker* Case is not Related to the Android MDL. ...............................................................................................9

CONCLUSION ..............................................................................................................................11

**TABLE OF AUTHORITIES**

Page

CASES

*In re Baycol Prods. Liab. Litig.*,
  180 F. Supp. 2d 1378 (J.P.M.L. 2001) .................................................................... 10

*In re Metoprolol Succinate Patent Litig.*,
  329 F. Supp. 2d 1368 (J.P.M.L. 2004) ..................................................................... 9

*In re: CBS Licensing Antitrust Litig.*,
  328 F. Supp. 511 (J.P.M.L. 1971) ............................................................................ 9

STATUTES

28 U.S.C.
  § 1407 ............................................................................................................. 3, 5, 6, 9
  § 1407(a) .................................................................................................................. 6

Cal. Bus. & Prof. Code
  § 17200 .................................................................................................................. 3, 7

Cal Penal Code
  § 502 ...................................................................................................................... 3, 7

California's Consumer Legal Remedies Act, Cal. Civ. Code
  §§ 1750, *et seq.* ....................................................................................................... 3

Computer Fraud and Abuse Act, 18 U.S.C.
  § 1030 .................................................................................................................... 3, 4

OTHER AUTHORITIES

N.D. California, Civil Local Rule
  3-12 ................................................................................................................... 1, 5, 9
  3-12(a) .................................................................................................................... 6
  7-9 ........................................................................................................................... 1

Judicial Panel on Multidistrict Litigation,
  Rule of Procedure 6.2 ............................................................................................. 5
  Rule of Procedure 7.1 ............................................................................................. 9
  Rule of Procedure 7.2 ....................................................................................... 1, 5, 9

Manual for Complex Litigation, Fourth
  § 20.131 (2004) ....................................................................................................... 6

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION OF ORDER DECLINING TO
RELATE AND REASSIGN *YUNCKER V. PANDORA*

ii

CASE NO. 11-CV-2157-JSW
MDL NO. 2264

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Pandora Media, Inc.("Pandora") will and hereby does move, pursuant to Civil L.R. 7-9, for leave to file a Motion for Reconsideration of the Court's July 25, 2011 Order (Dkt. No. 21 in *Levine v. Google, Inc.*, Case No. 3:11-cv-02157-JSW). That Order declined Pandora's Motion for Administrative Relief to consider whether *Yuncker v. Pandora Media, Inc.*, Case No. 4:11-cv-03113-CW, should be related to the earlier-filed action in *Levine v. Google, Inc.*

Pandora now respectfully seeks leave to file a Motion for Reconsideration of that Order on the grounds of a material change in facts that has occurred since the July 25 Order, namely the issuance of the United States Judicial Panel on Multidistrict Litigation's August 8, 2011 Order in *In Re: Google Inc., Android Consumer Privacy Litigation* (MDL No. 2264) centralizing in this Court all putative consumer privacy class actions concerning Google's Android mobile operating system. Because the *Yuncker* matter was filed in the Northern District of California, into which the Android MDL cases were transferred, the MDL Panel has directed that the only procedural manner by which the *Yuncker* action can be assigned to the Android MDL is pursuant to the Northern District's own local rules, specifically, Civil Local Rule 3-12. *See* JPMDL Rule 7.2(a); MDL. No. 2264, Dkt. No. 78 at 1, n.1.

Under Civil Local Rule 7-9(b), a party seeking reconsideration of an interlocutory order must show either (1) that "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order … [and] that in the exercise of reasonable diligence the party . . . did not know such fact or law at the time of the interlocutory order," or (2) "the emergence of new material facts or a change of law occurring after the time of such order." Civ. L.R. 7-9(b)(2).

As set forth in its Memorandum of Points and Authorities below, which would comprise Pandora's Motion for Reconsideration if leave is granted to file it[1], Pandora submits that the

---

[1] A copy of Pandora's Proposed Motion for reconsideration is attached to this Motion for Leave as Attachment 1.

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION OF ORDER DECLINING TO
RELATE AND REASSIGN *YUNCKER V. PANDORA*

CASE NO. 11-CV-2157-JSW
MDL NO. 2264

JPMDL's August 8 Order centralizing the *In Re: Google Inc., Android Consumer Privacy Litigation* (MDL No. 2264) cases in this Court constitutes the emergence of a new and material factual circumstance that had not yet occurred at the time that the Court declined Pandora's Administrative Motion on July 25, 2011. Whereas Pandora had previously requested the *Yuncker v. Pandora Media, Inc.* matter to be related to *Levine v. Google, Inc.*, Pandora now seeks to request that the *Yuncker* matter be centralized with the broader multidistrict litigation, which currently consists of six cases and will likely include at least three additional tag-along cases.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Pandora respectfully requests that this Court reconsider its July 25 Order that *Yuncker v. Pandora Media, Inc.* was not related to *Levine v. Google Inc.* in light of the JPMDL's August 8, 2011 Order centralizing in this Court six putative consumer privacy class actions concerning Google's Android operating system, including *Levine*. *See* Declaration of Tyler Newby, ¶ 7, Ex. A. This Court's July 25 Order followed an administrative motion—brought promptly upon the filing of the *Yuncker* action, but before Pandora had even retained outside counsel—that addressed whether the *Yuncker* case was related to a single case against Google. *See Levine* Dkt. No. 16. With the JPMDL's August 8 Order, the landscape has shifted materially. That Order centralized before this Court six consumer privacy cases from three Districts, and there are presently nine Android privacy cases before this Court.[2] Because it shares core factual issues, legal claims and overlapping class members with the Android MDL, the *Yuncker* case is a tag along case that should be ordered related to *In Re: Google Inc., Android Consumer Privacy Litigation*.

As set forth in greater detail below, relation of the cases will satisfy the objectives of the both the Local Rules and the MDL procedure. *First*, the cases share common factual allegations. They all address the alleged use and disclosure of the same information from Google's Android

---

[2] On August 11, 2011, the Court issued a Conditional Transfer Order conditionally transferring two subsequently filed tag along actions from the Northern District of Alabama and the Southern District of Florida. Newby Decl. ¶ 9, Ex. B. In addition, the *Cochran v. Google, Inc.* action was filed in this District and related to *Levine*.

1  operating system, allegedly without the knowledge or consent of Android mobile device users.

2  *Second,* the *Yuncker* and Android MDL cases raise the same legal causes of action; every cause of

3  action asserted in *Yuncker* is also raised in the Android MDL cases. The cases are all in their

4  earliest stages, and relation and centralization of the *Yuncker* case with the Android MDL now

5  would promote the efficient use of judicial and party resources through a single case management

6  and discovery schedule. Finally, relation will avoid the possibility of conflicting rulings on

7  dispositive pre-trial motions on substantially similar, if not identical, legal and factual issues.

## II.   FACTUAL BACKGROUND

### A.   *Yuncker v. Pandora*

The *Yuncker* case is a putative class action asserting consumer privacy claims over the operation of Pandora's Internet radio application exclusively on mobile devices using the Google Android operating system. On June 23, 2011, Plaintiff filed a complaint on behalf of himself and a putative class of all users of Pandora's music application on Android devices. Newby Decl. ¶ 2; Dkt. No. 16, Att. 1. The complaint alleges that Pandora, through its Android application, obtained, used and transferred to Google and to certain internet advertisers the Unique Device Identifier ("UDID") and location data from users' Android devices, allegedly without the knowledge or consent of the Android device owners. *See Id.* (*Yuncker* Compl. ¶¶ 19-24). On these factual allegations, *Yuncker* asserts causes of action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (*Yuncker* Compl. ¶¶ 34-40); California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, (*Id.* at ¶¶ 41-45); California's Computer Crime Law, Cal Penal Code § 502 (*Id.* at ¶¶ 46-60); Unfair Competition, Cal. Bus. & Prof. Code § 17200 (*Id.* at ¶¶ 61-68); Trespass to Personal Property (*Id.* at ¶¶ 69-73); Conversion (*Id.* at ¶¶ 74-77); and Unjust Enrichment (*Id.* at ¶¶ 68-81).

### B.   The *In Re: Google Inc. Android Consumer Privacy Litigation* Cases

The *Yuncker* matter proceeds contemporaneously with at least nine consumer privacy class action complaints filed against Google, Inc. concerning disclosure of user information to Google and advertising entities through the Android operating system. On August 8, 2011, the JPMDL granted Google's motion pursuant to 28 U.S.C. § 1407 to transfer and centralize in this

MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION OF ORDER DECLINING TO          3          CASE NO. 11-CV-2157-JSW
RELATE AND REASSIGN *YUNCKER V. PANDORA*                   MDL NO. 2264

Court six of the Android privacy cases, including *Levine v. Google, Inc.* Newby Decl.¶ 8, Ex. A. On August 11, 2011, the JPMDL issued a Conditional Transfer Order conditionally transferring to this Court two putative consumer privacy class actions concerning Google Android that had been filed in the Northern District of Alabama and the Southern District of Florida. *See* Newby Decl. ¶ 9, Ex. B.

All of the Android MDL complaints seek to establish a class consisting of owners or users of Android mobile devices. *See Brown* Compl. ¶ 20; *Levine* Compl. ¶ 77; *King* Compl. ¶ 52; *Urias* Compl. ¶ 35; *Pessano* Compl. ¶ 40; *Lipton* Compl. ¶ 27; *Jeffreys* Compl. ¶ 27; *Cochran* Compl. ¶ 71; *Smith* Compl ¶ 72. The complaints in at least four of the Android MDL cases allege that Google—either on its own, or in concert with developers of applications that run on Android devices (such as Pandora)—collects, uses and discloses information from the Android device, namely, the UDID and location information. The complaints in these cases further allege that these acts were done without the Android device users' consent. *See Pessano* Compl. ¶ 22; *King* Compl. ¶ 1; *Levine* Compl. ¶ 18(e); *Cochran* Compl. ¶ 12(e); *Smith* Compl. ¶ 13(e). The complaints in several of these actions allege that Google is itself liable for the applications' (such as Pandora's) disclosure of information due to Google's purported duty to prevent unauthorized disclosure of information on the Android system and Google's failure to notify users of the disclosure of their information. *Levine* Compl. ¶ 18; *Smith* Compl. ¶ 13; *Cochran* Compl. ¶ 12.

All of the Android MDL complaints allege that:

- plaintiffs purchased or used mobile devices that run on the Android operating system;
- the Android operating system on its own, or applications installed on Android devices collected UDID and/or location information from the device;
- the Android operating system on its own, or applications installed on Android devices, transferred information to Google and/or to third parties; and
- the collection, use or transfer of device information took place without users' consent.

*See Brown* Compl ¶¶ 3-4, 8-11; *Levine* Compl. ¶¶ 14-17, 25-26, 40, 47; *King* Compl. ¶¶ 12, 19, 28, 29, 34; *Urias* Compl. ¶¶ 2-4, 26, 27; *Pessano* Compl. ¶¶ 1, 12-14, 25, 26; *Lipton* Compl. ¶¶ 4, 11-14; *Cochran* Compl. ¶¶ 11-12, 15, 17-18; *Smith* Compl. ¶¶ 12-13, 16, 18-20; *Jeffreys* Compl.

¶¶ 4, 8-17. All of the cases assert claims under the CFAA, 18 U.S.C. § 1030. In addition, every cause of action asserted against Pandora is asserted in at least one—if not most—of the other Android MDL complaints.

### C. Procedural History

Following service of this action on Pandora, on July 1, 2011, Pandora filed an Administrative Motion in this Court pursuant to Civil L.R. 3-12, seeking an order relating the *Yuncker* case with *Levine*, which Plaintiff opposed. At that time, which was prior even to Pandora's engagement of outside counsel, Pandora's Administrative Motion sought relation only to the *Levine* action. At that time, Google's Motion to Transfer numerous other similar putative consumer privacy class actions concerning the Android operating system and the applications that run on it was pending before the JPMDL. However, Google's motion was not heard by the JPMDL until July 28, 2011. Meanwhile, on July 25, 2011, this Court issued a form Order finding that the *Yuncker* and *Levine* cases were not related, without further explanation.

On July 12, 2011, Pandora notified the MDL Panel in *In re: Google Inc. Android Consumer Privacy Litigation*, MDL Docket No. 2264 that the *Yuncker* action was a related action to the other cases involving the Android consumer privacy issues, pursuant to MDL Rules of Procedure, Rule 6.2. Plaintiffs opposed that notice. Dkt. No. 20. In its August 8 Order, the JPMDL ruled that an Android MDL would be formed, and that it would proceed in the Northern District of California before this Court. Newby Decl. ¶ 8, Ex. A. Because the *Yuncker* case had been filed in the transferee district for the Android MDL, the JPMDL did not rule on Pandora's notice of related action, but directed that, under the JPMDL Rules, Pandora should seek assignment to the MDL judge in this district in accordance with this district's local rules. *See id.,* August 8 Order at 1, n.1.

### III. ARGUMENT

#### A. Legal Standard for Transfer of Potential Tagalong Case

As noted in the JPMDL's August 8 Order, as a potential tagalong case that was filed in the same district in which the Android MDL cases were centralized, "A party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable

local rules." JPMDL Rule 7.2(a); August 8 Order at 1, n.1. The Northern District's Civil Local Rule 3-12 establishes the procedure for seeking an order finding that a later-filed action is "related" to an earlier-filed action. Cases are "related" when:

> **(1)** The actions concern substantially the same parties, property, transaction or event; and
>
> **(2)** It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civil L.R. 3-12(a).

This standard is analogous to the standard for transferring multidistrict litigation cases to a single judge for coordination or consolidation as set forth in 28 U.S.C. § 1407. Under that statute, the JPMDL may transfer cases to a single court where the cases (1) involve "common questions of fact"; (2) transfer would be convenient for the parties and witnesses; and (3) transfer would "promote the just and efficient conduct" of the cases. 28 U.S.C. § 1407(a). "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation, Fourth, § 20.131 (2004).

### B. The *Yuncker* Case Is Related to the Android MDL Cases and Case Management Should Be Coordinated

#### 1. The *Yuncker* and Android MDL Cases Concern Substantially the Same Parties, Property, Transactions and Events.

The *Yuncker* case involves substantially the same parties, property and events as the Android MDL actions.

*First*, all of the cases involve the same alleged core "property" interests – location information and/or UDID information from Android devices in which class members have asserted privacy interests. Similarly, all cases involve the use of the Android operating system and the means by which location information and other user data is allegedly collected and transferred to third parties.

*Second*, the harm claimed by *Yuncker*—collection, storage and transfer of information about Pandora Android application users—is a subset of the harm in the Android MDL cases,

which claim harm from collection, storage and transfer of user data for various unnamed applications including, but not limited to, Pandora. Indeed, paragraph 1 of the *Yuncker* complaint alleges:

> This action challenges Pandora's practice of collecting the personal information of its users and then disseminating it to third-party advertising libraries, such as Google's AdMob.

Dkt No. 1, ¶ 1. The same disclosure of information to third party advertising services and to Google by Pandora and other applications is the subject of the claims in the other MDL cases. *Pessano* Compl. ¶ 22; *King* Compl. ¶ 1; *Levine* Compl. ¶ 18(e); *Cochran* Compl. ¶ 12(e); *Smith* Compl. ¶ 13(e).

*Third,* the complaints allege common legal theories, including violations of the Computer Fraud and Abuse Act, the California Computer Crime Law, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* Every cause of action alleged in the *Yuncker* case is also raised in one or more of the Android MDL cases:

- **Computer Fraud and Abuse Act:** *Levine* Compl. ¶¶ 88–106; *King* Compl. ¶¶ 66–77; *Urias* Compl. ¶¶ 40–46; *Lipton* Compl. ¶¶ 39–44; *Brown* Compl. ¶¶ 43–48; *Jeffreys* Compl. ¶¶ 39–44; *Pessano* Compl. ¶¶ 88–100; *Cochran* Compl. ¶¶ 82-100; *Smith* Compl. ¶¶ 83-101;

- **California Consumer Legal Remedies Act:** *Levine* Compl. ¶¶ 159–68; *Urias* Compl. ¶¶ 47–51; *Cochran* Compl. ¶¶ 153-62;

- **California Penal Code § 502:** *Levine* Compl. ¶¶ 124–42; *King* Compl. ¶¶ 78–96; *Urias* Compl. ¶¶ 52–67; *Pessano* Compl. ¶¶ 147–155; *Cochran* Compl. ¶¶ 118-136;

- **California Unfair Competition Law, Bus. & Prof. Code § 17200:** *Levine* Compl. ¶¶ 169–81; *King* Compl. ¶¶ 109–20; *Urias* Compl. ¶¶ 68–74; *Lipton* Compl. ¶¶ 68–86; *Pessano* Compl. ¶¶ 165–195; *Cochran* Compl. ¶¶ 163-175;

- **Trespass:** *Levine* Compl. ¶¶ 211–22; *King* Compl. ¶¶ 97–108; *Urias* Compl. ¶¶ 75–79; *Cochran* Compl. ¶¶ 205-216; *Smith* Compl. ¶¶ 148-59;

- **Conversion:** *Levine* Compl. ¶¶ 199–203; *Urias* Compl. ¶¶ 86–91; *Cochran* Compl. ¶¶ 193-197; *Smith* Compl. ¶¶ 136-140;

- **Unjust Enrichment:** *Levine* Compl. ¶¶ 223–35; *Urias* Compl. ¶¶ 80–85; *Jeffreys* Compl. ¶¶ 60–68; *Pessano* Compl. ¶¶ 216–224; *Cochran* Compl. ¶¶ 217-229; *Smith* Compl. ¶¶ 160-172.

These common issues of fact and law suggest that discovery and defendants' dispositive motions

will address overlapping issues, such as what data Defendants actually collect, to whom it is distributed, and whether Plaintiffs pleaded adequately every element of the same causes of action.

*Fourth*, the cases involve the same parties by virtue of their putative class members. All of the MDL cases are brought on behalf of owners or users of Android devices; the *Yuncker* putative class is simply a subset of Android device users who downloaded the Pandora application. Thus, every member of the putative *Yuncker* class is, by definition, also a member of the putative classes in the MDL case, seeking relief for the same harm.

In opposing Pandora's first notice of related action, Plaintiff raised several arguments that no longer carry weight now that the *Levine* matter has been centralized with other Android MDL cases in this Court. First, he contends the cases are distinct because his case focuses only on the Pandora Android application, while the other cases challenge Google's conduct in the operation of the Android operating system. *See* Newby Decl. ¶ 5 (Dkt. No. 20). Specifically, Plaintiff asserts that the principal issue in the *Yuncker* action will be whether or not Pandora has secured its users' consent to disclose their information in the ways that information is allegedly passed on to Google and other advertising services. But even that issue overlaps entirely with the other Android actions. If Pandora has adequately secured its users' consent to the disclosure of information that has occurred through the Pandora Android application, then not only Pandora, but also Google, will be insulated from Plaintiff's claims by that consent. Conversely, to the extent that Google has secured Android users' consent to disclosures either to itself or to a third party of the information at issue, that would likewise insulate Pandora for such disclosures. Thus, even the consent issue presents common questions that should be consistently resolved in all actions.

Moreover, the underlying allegations of liability, for both Google and Pandora, will depend on the interaction between the Pandora application and the Android operating system, the nature of the data available to Pandora from the Android operating system, and the nature of information provided through these systems to Google and the advertising services. For example, Yuncker alleges that Google's AdMob advertising library contains consumers' personal information, including their birthday, gender, and postal code information, collected through

1  Pandora. *Yuncker* Compl. ¶ 21, 23. Yuncker also alleges that Android mobile devices transmit

2  consumers' unique device identifier to Pandora, which passes them on to the advertising services.

3  *Yuncker* Compl. ¶ 22–23. Complaints in the *King*, *Levine*, *Urias, Cochran* and *Smith* cases raise

4  nearly identical claims., claiming that the identical disclosures impose liability on Google. It is

5  thus certain that discovery as to what information was passed to whom, by what mechanism, and

6  to what use, will overlap and that Pandora and Google will have similar defenses.

7      While Plaintiff contends that the cases are not related because they name different

8  defendants, that is not the standard set forth in Civil L.R. 3-12, which looks only to whether the

9  actions concern *substantially* the same parties, property *or* events. In the MDL transfer context,

10 courts have transferred cases for coordination where, like here, there were overlapping plaintiffs,

11 but different defendants. For example, in *In re: CBS Licensing Antitrust Litig.*, 328 F. Supp. 511,

12 511-12 (J.P.M.L. 1971), the JPMDL transferred antitrust complaints against different defendants

13 for coordination before a single court where complaints were substantially similar and involved

14 the legality of the same type of licensing agreements. The Panel there relied upon its finding that

15 centralization before a single District Court Judge would contribute toward the convenience of the

16 parties and witnesses and the just and efficient conduct of the litigation.

17     As another analogy, the fact that a putative class of plaintiffs chooses to sue a parts

18 supplier separately from a car manufacturer on allegations of the same malfunction would hardly

19 mean that the claim against the supplier should not be coordinated in the MDL addressing that

20 malfunction. The same logic applies to recommend coordination here.

21     **2. There is a Substantial Risk of Unduly Burdensome Duplication of Labor and Expense, or of Conflicting Results, if the *Yuncker* Case is not Related to the Android MDL.**

23 Relation of the cases will also avoid the unduly burdensome duplication of labor and

24 expense both on the part of the Courts and the parties that would occur if *Yuncker* and Android

25 MDL cases were to proceed separately. The cases are in their earliest stages, and no party has

26 responded to a complaint in any case. Coordinating case management and discovery of these

27 cases at the outset will ensure that motions to dismiss, discovery, class certification, and

28 dispositive motions will be coordinated in terms of timing, investment of effort, and consistency

1   of decision before a single Court. Indeed, relating *Yuncker* to the Android MDL will satisfy the
2   intentions of MDL transfers of ensuring that tag-along actions are managed in an efficient manner
3   by a single judge. *See* United States Judicial Panel on Multidistrict Litigation, Rule 7.1 & Rule
4   7.2; *In re Metoprolol Succinate Patent Litig.*, 329 F. Supp. 2d 1368, 1370 (J.P.M.L. 2004)
5   ("Section 1407 will have the salutary effect of assigning the present actions and any future tag-
6   along actions to a single judge who can formulate a pretrial program that ensures that pretrial
7   proceedings will be conducted in a manner leading to the just and expeditious resolution of all
8   actions to the overall benefit of the parties and the courts.").

9   Relation will eliminate the need for duplicative discovery and allow this Court to set a
10  single schedule for fact discovery on identical issues. Because both *Yuncker* and the Android
11  MDL cases make allegations that information about users of the Android devices, including
12  UDID and location information, was shared with third parties, including advertising networks, it
13  is likely that fact discovery will take place into what these third parties receive, and how they
14  treat any data they receive. Similarly, discovery into identical aspects of the Android operating
15  system is likely to take place in all cases. Relation of the cases will help ensure the parties need
16  not waste resources and time unnecessarily in taking the same discovery twice. While Yuncker's
17  counsel has made a salutary offer to coordinate informally pre-trial discovery with the other
18  Android MDL cases, the various parties in the MDL cases, not to mention non-party witnesses,
19  may have different interests. And in all events, there is no reason to believe that coordination
20  would work *better* where the matters proceed separately on two judges' calendars with different
21  motion schedules, discovery deadlines, protective orders, and rulings on the scope of discovery.

22  Relation will also ensure consistent pretrial rulings on dispositive motions addressing the
23  overlapping causes of action raised in the *Yuncker* and Android MDL cases. It would be highly
24  inefficient for two courts in the same district to issue potentially conflicting rulings on the same
25  causes of action arising out of substantially similar core facts concerning the Android OS and
26  applications that run on that OS. There should, for example, be only one decision as to whether
27  Pandora and Google's notification and receipt of consent from users is sufficient for the
28  disclosures at issue, not disparate rulings. Such a risk of conflicting pre-trial rulings on

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  dispositive motions is a ground for centralizing cases before a single MDL judge. *See, e.g., In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) (centralization promotes the just and efficient conduct of litigation where it "prevent[s] inconsistent pretrial rulings, including with respect to class certification").

Relation will also promote judicial efficiency. At a minimum, any Court will need to become familiar with all Plaintiffs' allegations about what the Android operating system does, as well as the legal standards for numerous causes of action relating to those allegations, before it may rule on potentially dispositive motions to dismiss. To the extent these cases proceed beyond the pleadings stage, a Court will need to become even more familiar with the operation of the Android OS, how applications interact with the OS, and the types of notice provided to users of Android devices concerning information collected by applications. Coordinating these issues before a single judge, rather than multiple judges, will promote judicial efficiency.

## **CONCLUSION**

For all of the foregoing reasons, Pandora Media respectfully requests leave to file a Motion for Reconsideration of the Court's July 25, 2011 Order declining to relate and reassign *Yuncker v. Pandora Media, Inc.*

Dated: August 15, 2011

Respectfully Submitted,

*/s/ Laurence F. Pulgram*
Laurence F. Pulgram
Fenwick & West, LLP

Attorneys for Defendant
PANDORA MEDIA, INC.